IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff-Respondent,

 vs.                                               CIVIL NO. 07-910 JC/LFG
                                                      CRIM. NO. 05-2120 JC

TERRY BENNETT WILLIAMSON,

        Defendant-Movant.

**ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS
AND RECOMMENDED DISPOSITION
AND DISMISSING ACTION WITH PREJUDICE**

THIS MATTER comes before the Court on the Magistrate Judge's Findings and Recommended Disposition filed December 19, 2007 [Doc. 8]. This case was reopened on July 23, 2008 to permit Defendant-Movant Terry Bennett Williamson ("Williamson") to submit objections to the Findings and Recommended Disposition. [*See*, Docs. 14, 15]. Williamson filed his Objections [Doc. 16] on September 5, 2008. The Court conducted a *de novo* review of those portions of the Magistrate Judge's findings and recommended disposition to which Petitioner objects.

In the Objections, Williamson argues that the 86-day period between his arrest on June 23, 2005 and the date the indictment was filed on September 22, 2005, is not excludable under the Speedy Trial Act ("STA"). As the Magistrate Judge noted, Williamson signed a document in which he stated his understanding of his right to have his case presented to a grand jury within 30 days of his arrest, and requested continuance of the grand jury presentment for an additional period of 75 days. A Magistrate Judge reviewed the document with Williamson in open court. Counsel for

Williamson noted that he also reviewed the document with Williamson and that Williamson understood it. The indictment filed on September 22, 2005 was within the extended 75-day period.

Williamson cites <u>Zedner v. United States</u>, 547 U.S. 489 (2006), for the proposition that a defendant "may not prospectively waive the application of the" STA. <u>Zedner</u> involved a delay between indictment and trial. In that case, the defendant requested a third continuance, after the court had already permitted two "ends of justice" delays under 18 U.S.C. § 3161(h)(8). At that point, the court pulled out a preprinted waiver form for the defendant to sign, which waived application of the STA "for all time." The defendant signed the form, and the court granted the requested continuance without making the "ends of justice" findings required by the Act. Defendant's trial was thereafter delayed for seven years.

In finding that the "unusual procedures followed in this case" violated the STA, the Supreme Court in <u>Zedner</u> confirmed the propriety of the more usual method for invoking an ends-of-justice delay:

> Much of the Act's flexibility is furnished by § 3161(h)(8), which governs ends-of-justice continuances . . . . This provision permits a district court to grant a continuance and to exclude the resulting delay if the court, after considering certain factors, makes on-the-record findings that the ends of justice served by granting the continuance outweigh the public's and defendant's interests in a speedy trial. This provision gives the district court discretion-within limits and subject to specific procedures-to accommodate limited delays for case-specific needs.

<u>Zedner</u>, at 498-99. That is exactly what occurred in Williamson's case. The Magistrate Judge made explicit findings that the ends of justice were served by granting Williamson's request to toll the speedy indictment computation. Further, the continuance was for a limited period rather than, as in <u>Zedner</u>, "for all time."

The Court rejects Williamson's argument that neither he, the prosecution, nor the Court "requested" the continuance, because the 75-day excludable period was "built in" to his agreement to waive his right to a preliminary hearing or grand jury presentment. Williamson seems to be arguing that he did not actually request a continuance of the time period for indictment, but rather waived his right to a speedy indictment. This is illogical; the two are the same thing. The Court finds that Williamson knowingly waived his STA rights and that the proper ends-of-justice findings were made by the Court, both with respect to the time between arrest and indictment, and the time between his initial appearance and the time he entered a guilty plea.

Williamson also argues that, even if he did consent to the 75-day extension, the Court's allowance of this period was an abuse of discretion, because the STA limits the time period between arrest and indictment to a total of 60 days. He bases this argument on 18 U.S.C. § 3161(b), which provides that the period of time for filing an indictment may be extended for an additional 30 days (beyond the statutory 30-day period) "in a district in which no grand jury has been in session" during the initial 30-day period. The continuance in Williamson's case was granted under § 3161(h)(8), "ends of justice," not under § 3161(b). The Court therefore rejects this argument.

The Court also rejects the contention that it failed to properly address and resolve defense objections to the presentence report. The objections, which were the subject of argument by defense counsel at the sentencing hearing, involved the proper legal interpretation of the term "related cases" as it applied to Williamson's career criminal status. There were no factual issues to resolve. The Court considered Williamson's legal arguments and ruled against him, and it stated this ruling on the record. There was no violation of FED. R. CRIM. P. 32(i)(3)(B).

The Court further overrules Williamson's objections to the Findings with respect to

3

ineffective assistance of counsel. Furthermore, Williamson's new contention, that counsel did not properly advise him as to sentencing exposure, was not raised in the original Motion to Vacate, Set Aside or Correct Sentence. Arguments raised for the first time in objections to a Magistrate Judge's recommendation are deemed waived. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996).

## **Order**

IT IS HEREBY ORDERED that the Findings and Recommended Disposition of the United States Magistrate Judge are adopted by the Court.

IT IS FURTHER ORDERED that the Motion to Vacate, Set Aside or Correct Sentence is denied, and this action is hereby dismissed with prejudice.

s/John Edwards Conway

_____
SENIOR U.S. DISTRICT JUDGE